**SUM-100**

# SUMMONS
## (CITACIÓN JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
County of San Joaquin; City of Tracy; and Does 1 through 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
Sofia Davila; Rubi Pastor, Jeanette Echeverria; Guillermo Davila; Mayra Sandoval; Edwin Javier Davila; Juan Davila; and Maylin Davila

*Hand-Delivered*
*Rsp due 11/27*

**FOR COURT USE ONLY**
*(SOLO PARA USO DE LA CORTE)*

FILED
SUPERIOR COURT-STOCKTON
06 OCT 13 AM 11:01
ROSA JUNQUEIRO
KATHY VALONE
BY _____ DEPUTY

RECEIVED 2006 OCT 27 PM 1:15
CLERK OF THE BOARD OF SUPERVISORS

CAL'D

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:
*(El nombre y dirección de la corte es):*
San Joaquin County Superior
222 E. Weber Ave., #303
Stockton, CA 95202-2777

**CASE NUMBER:** CV 030710
*(Número del Caso):*

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Wilda L. White - - WALKER, HAMILTON & WHITE
50 Francisco Street, Suite 460, San Francisco, CA 94133-2100

DATE: OCT 1 3 2006        ROSA JUNQUEIRO  KATHY VALONE
*(Fecha)*                  Clerk, by _____, Deputy
                           *(Secretario)*                *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* San Joaquin County Board of Supervisor
   under: ☐ CCP 416.10 (corporation)        ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation) ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☒ other *(specify):* General Law County
4. ☐ by personal delivery on *(date):* 10-27-06

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465

www.accesslaw.com

Exhibit 1/Page 1

Walter H. Walker, III (State Bar No. 63117)
Wilda L. White (State Bar No. 122144)
Walker, Hamilton & White
50 Francisco Street, Suite 460
San Francisco, CA 94133
Telephone: (415) 986-3339
Facsimile:  (415) 986-1618

Boris E. Efron, Esq. (SB #79993)
Law Offices of Boris E. Efron
130 Portola Drive
Portola Valley, CA 94208
Telephone: (650) 851-8880
Facsimile: (650) 851-3001

Attorneys for Plaintiffs

THE CASE HAS BEEN ASSIGNED TO JUDGE CARTER P HOLLY IN DEPARTMENT 42 FOR ALL PURPOSES, INCLUDING TRIAL

IN THE SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN JOAQUIN

| | |
|---|---|
| Sofia Dávila; Rubi Pastora; Jeanette Echeverria; Guillermo Dávila; Mayra Sándoval; Edwin Javier Dávila,; Juan Dávila; and Maylin Dávila,<br><br>Plaintiffs,<br><br>v.<br><br>County of San Joaquin; City of Tracy; and Does One through 50,<br><br>Defendants.<br>_____/ | No. CV030710<br>**Complaint for Damages**<br>(42 U.S.C. §1983; Negligence; and Vicarious Liability) |

### Parties

1.  This is an action arising out of the wrongful death of Guillermo Dávila. Plaintiffs are decedent's wife, Sofia Dávila, and his seven children: Rubi D. Pastora; Jeanette Echeverria; Guillermo Dávila; Mayra I. Sándoval; Edwin Javier Dávila; Juan Dávila; and Maylin Dávila.

1

Complaint for Damages

2. Defendant County of San Joaquin is a California general law county. The County of San Joaquin Sheriff's Office is a department of the County of San Joaquin.

3. Defendant City of Tracy is a general law city located in the County of San Joaquin in the State of California. The Tracy Police Department is a department of the City of Tracy.

4. Defendants Doe One through 25 are employees, agents, officers, and/or representatives of the County of San Joaquin.

5. Defendants Doe 26 through 50 are employees, agents, officers, and/or representatives of the City of Tracy.

6. The true names and capacities, whether individual, corporate, associate or otherwise of the defendants Doe One through 50, inclusive, are unknown to plaintiffs who therefore sue such defendants by such fictitious names, and plaintiffs will amend this complaint to show their true names and capacities when the same have been ascertained.

7. Plaintiffs are informed and believe, and thereon alleges that each of the defendant Does One through 50, inclusive, are responsible under law in some manner for the events and happenings herein referred to and proximately thereby caused injuries and damages to plaintiffs as herein alleged.

8. Although the identity of some of the Doe defendants may be known to plaintiffs at the time of filing of this complaint, plaintiffs are ignorant of the facts constituting a cause of action against each Doe.

9. At all times herein mentioned, each of the defendants, including Does One through 50 inclusive, was the agent, employee, principal, or employer of each of the remaining defendants and was at all times relevant acting within the course and scope of said relationships

and each defendant authorized, ratified, and approved the acts of each of the remaining defendants.

10. Plaintiffs have complied with the claims procedure of the Tort Claims Act.

### Common Allegations

11. On March 4, 2006, around 6:30 p.m., seventy-one year old Guillermo Dávila (decedent) mistakenly wandered into his neighbor's house.

12. At the time, decedent was under a doctor's care for Diabetes Mellitus II, and a heart condition. Plaintiffs are informed and believe and on that basis allege that decedent also suffered from Alzheimer's disease.

13. Plaintiffs are informed and believe and on that basis allege that defendants Doe 26 through 50 of the Tracy Police Department removed decedent from the neighbor's house, took him to his own, and finding no one at his house, elected to arrest decedent, charge him with public drunkenness, and take him to the San Joaquin County Jail, where he was booked into the jail on March 4, 2006, at or about 8:00 p.m., Defendants, and each of them, took his wallet with his money and identification, his keys, and his belt. No tests for intoxication were performed, and no attempt was made to inform his family that he was in jail.

14. At or about 1:20 a.m. on Sunday, March 5, 2006, the jailers, believed to be defendants Doe One through 25, employees of the County of San Joaquin Sheriff's Department, and defendants Doe 26 through 50, employees of the City of Tracy, gave decedent 50 cents, and released him into 40-degree weather without protective clothing. They did not return his wallet, keys or money. They did not give him any directions, escort him home, provide transportation, or notify his family. His family never saw him again.

15. On Tuesday, March 7, 2006, decedent's body was found between two chicken coops approximately one and one-half miles from the San Joaquin County jail, and 18 miles from his home. Plaintiffs are informed and believe and on that basis allege that decedent's exposure to the elements and/or the reasonably foreseeable conduct of a third party contributed to his death.

**First Cause of Action Against Defendants Does One through 50**
**( 42 U.S.C. §1983)**

16. Defendants Doe, and each of them, put decedent in a situation that was more dangerous than the one in which they found him.

17. Defendants Doe, and each of them, were acting or purporting to act in the performance of their official duties.

18. Defendants Doe, and each of them, violated their constitutional duties under the Due Process Clause of the Fourteenth Amendment, to protect decedent once they had placed him in greater danger than they found him.

19. Decedent and plaintiffs were harmed by defendants Doe's deliberate indifference to his liberty rights under the United States Constitution rights.

20. Defendant Does' deliberate indifference to decedent's liberty rights under the United States Constitution was a substantial factor in causing decedent's death and harm to plaintiffs.

21. Defendants Does' indifference to their constitutional duties was reckless and callous.

**Second Cause of Action Against City of Tracy and County of San Joaquin**
**Municipal Liability (42 U.S.C. §1983)**

22. Defendants Doe, and each of them, placed decedent in a situation that was more dangerous than the one in which they found him thereby violating their constitutional duties

4
Complaint for Damages

under the Due Process Clause of the Fourteenth Amendment to protect decedent once they had placed him in greater danger than they found him.

23.   Defendants' conduct occurred as a result of the official policy, custom and/or practice of the City of Tracy and San Joaquin County to indiscriminately arrest and take persons into custody for aberrant conduct not necessarily criminal, charge them with public drunkenness, and release them into danger without guidance, protection, or assistance after an arbitrary period of time without any regard to whether such policy, custom, or practice would result in leaving such persons in greater danger than they were found.

24.   Decedent and plaintiffs were harmed by such unconstitutional custom, practice, and/or policy.

25.   Defendants City of Tracy and San Joaquin County's custom, practice, and/or policy were a substantial factor in causing decedent's death and plaintiffs' harm.

**Third Cause of Action Against City of Tracy and San Joaquin County
Municipal Liability – Failure to Train ( 42 U.S.C. §1983))**

26.   Defendants City of Tracy and San Joaquin County's training programs were not adequate to train their officers and employees regarding appropriate assistance and treatment of intoxicated persons, persons exhibiting signs of intoxication, persons exhibiting aberrant though not necessarily criminal behavior, or those suffering from physical, cognitive, and/or mental disabilities.

27.   Defendants City of Tracy and County of San Joaquin also failed to train their officers and employees regarding the duty that arises, when through an officer' or employee's affirmative conduct, he or she exposes a person to potential danger, including but not limited to potential danger from the elements or from a third person.

28. Defendants City of Tracy and County of San Joaquin also failed to train their officers and employees to effectively ascertain the health status and special needs of intoxicated persons, persons exhibiting signs of intoxication, persons exhibiting aberrant though not necessarily criminal behavior, or those suffering from mental, cognitive, or physical disabilities.

29. Through their failure to train as described herein defendants City of Tracy and County of San Joaquin were deliberately indifferent to decedent's constitutional rights and the deprivation thereof.

30. Decedent and plaintiffs were harmed by such deliberate indifference.

31. Defendants City of Tracy and County of San Joaquin's failure to adequately train their officers and employees was a substantial factor in causing decedent's death.

### Fourth Cause of Action
### Negligence Against All Defendants Doe;
### Vicarious Liability Against Defendants City of Tracy and County of San Joaquin

32. Defendants Does' actions in arresting, jailing, and releasing decedent from the San Joaquin County jail into the harsh elements without protective clothing, his wallet and/or keys, without means or wherewithal to get to home, shelter, or assistance, created a special relationship between decedent and defendants.

33. Because of the special relationship, defendants Doe owed decedent a duty not to leave him in a situation that was more dangerous than the one in which they found him.

34. Defendants Doe breached this duty.

35. Decedent and plaintiffs were harmed as a result of this breach.

36. Defendants Does' breach was a substantial factor in causing decedent's death.

37. Defendants Does' actions were taken within the course and scope of their employment, agency, and/or legal relationship with defendants City of Tracy and County of San Joaquin.

**WHEREFORE** plaintiffs pray for judgment against defendants and each of them as follows:

1. For general and monetary damages according to proof;
2. For punitive damages against defendants Doe;
3. For attorneys' fees;
4. For costs of suit; and
5. For such other and further relief as the court deems just and proper.

DATED:   October 10, 2006         Walker, Hamilton & White

Law Offices of Boris E. Efron

By _____
Wilda L. White
Attorneys for Plaintiff



7
Complaint for Damages

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State bar number, and address): | | FOR COURT USE ONLY |
|---|---|---|
| Wilda L. White (SB #122144)<br>WALKER, HAMILTON & WHITE<br>50 Francisco Street, Suite 460, San Francisco, CA 94133-2100<br>TELEPHONE NO.: (415) 986-3339    FAX NO.: (415) 986-1618<br>ATTORNEY FOR (Name): Attorney for Plaintiffs | | FILED<br>SUPERIOR COURT-STOCKTON<br>06 OCT 13 AM 11:01<br>ROSA JUNQUEIRO, CLERK<br>BY KATHY VALONE<br>DEPUTY |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Joaquin
STREET ADDRESS: 222 E. Weber Ave., #303
MAILING ADDRESS:
CITY AND ZIP CODE: Stockton, CA 95202-2777
BRANCH NAME:

CASE NAME: Davila v. County of San Joaquin, et al.

| CIVIL CASE COVER SHEET<br>[✓] Unlimited  [ ] Limited<br>(Amount demanded exceeds $25,000) (Amount demanded is $25,000 or less) | Complex Case Designation<br>[ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 1811) | CASE NUMBER:<br>CV030710<br>JUDGE: CARTER P HOLLY<br>DEPT: |
|---|---|---|

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

   **Auto Tort**
   [ ] Auto (22)
   [ ] Uninsured motorist (46)

   **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
   [ ] Asbestos (04)
   [ ] Product liability (24)
   [ ] Medical malpractice (45)
   [✓] Other PI/PD/WD (23)

   **Non-PI/PD/WD (Other) Tort**
   [ ] Business tort/unfair business practice (07)
   [ ] Civil rights (08)
   [ ] Defamation (13)
   [ ] Fraud (16)
   [ ] Intellectual property (19)
   [ ] Professional negligence (25)
   [ ] Other non-PI/PD/WD tort (35)

   **Employment**
   [ ] Wrongful termination (36)
   [ ] Other employment (15)

   **Contract**
   [ ] Breach of contract/warranty (06)
   [ ] Collections (09)
   [ ] Insurance coverage (18)
   [ ] Other contract (37)

   **Real Property**
   [ ] Eminent domain/Inverse condemnation (14)
   [ ] Wrongful eviction (33)
   [ ] Other real property (26)

   **Unlawful Detainer**
   [ ] Commercial (31)
   [ ] Residential (32)
   [ ] Drugs (38)

   **Judicial Review**
   [ ] Asset forfeiture (05)
   [ ] Petition re: arbitration award (11)
   [ ] Writ of mandate (02)
   [ ] Other judicial review (39)

   **Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
   [ ] Antitrust/Trade regulation (03)
   [ ] Construction defect (10)
   [ ] Mass tort (40)
   [ ] Securities litigation (28)
   [ ] Environmental/Toxic tort (30)
   [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

   **Enforcement of Judgment**
   [ ] Enforcement of judgment (20)

   **Miscellaneous Civil Complaint**
   [ ] RICO (27)
   [ ] Other complaint (not specified above) (42)

   **Miscellaneous Civil Petition**
   [ ] Partnership and corporate governance (21)
   [ ] Other petition (not specified above) (43)

2. This case [ ] is [✓] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. [✓] monetary   b. [ ] nonmonetary; declaratory or injunctive relief   c. [✓] punitive

4. Number of causes of action (specify): 4

5. This case [✓] is [ ] is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 10, 2006

Wilda L. White
(TYPE OR PRINT NAME)

▶ /s/ Wilda L. White
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov
www.accesslaw.com

Exhibit 1/Page 9

# SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN JOAQUIN

☐ Lodi Branch
315 W. elm St.
Lodi, CA 95240

☐ Manteca Branch
315 E. Center St.
Manteca, CA 95336

☒ Stockton Branch
222 E. Weber Ave.
Rm 303
Stockton, CA 95202

☐ Tracy Branch
475 E. 10th St.
Tracy, CA 95376

Davila, Plaintiff(s),

-vs-

County of San Joaquin, Defendant(s).

Case No. CV030710

**NOTICE OF CASE MANAGEMENT CONFERENCE (CMC)**

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that this matter is **ASSIGNED FOR ALL PURPOSES AND TRIAL**, pursuant to local rule 3-101 to:

☐ JUDGE LAUREN P. THOMASSON, Dept. 11, CMC set for _____ at 8:30 a.m.
☐ JUDGE BOB McNATT, Dept. 13, CMC set for _____ at 8:30 a.m.
☐ JUDGE ELIZABETH HUMPHREYS, Dept. 41, CMC set for _____ at 8:45 a.m.
☒ JUDGE CARTER P. HOLLY, Dept. 42, CMC set for __MAY 23 2007__ at 8:45 a.m.

1. You must:
    a. **Serve** all named defendants and file proofs of service on those defendants with the court Within 60 days of the filing of the complaint (CRC 201.7).
    b. **File and serve** a completed Case Management Conference Statement (use of Judicial Council form CM 110 is Mandatory) at least 15 days before the Case Management Conference.
    c. **Meet and confer**, in person or by telephone, to consider each of the issues identified in CRC 212 (e) no later than 30 calendar days before the date set for the Case Management Conference. CRC 212(f)

2. You may appear in person or by telephone at the Case Management Conference. To make arrangements for telephonic appearance you must call CourtCall, at (310) 572-4670 or (888) 882-6878 at least five (5) court days prior to the hearing.

Visit our website at www.stocktoncourt.org for more information regarding civil cases, local rules and forms.

Dated: OCT 13 2006

Rosa Junqueiro, Clerk

By_____
Deputy Clerk

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Sup Crt 194 (06/06)

Exhibit 1/Page 10

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:   FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** | |
| STREET ADDRESS: | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: | |
| BRANCH NAME: | |
| PLAINTIFF/PETITIONER: | |
| DEFENDANT/RESPONDENT: | |

| **CASE MANAGEMENT STATEMENT** (Check one): ☐ **UNLIMITED CASE** (Amount demanded exceeds $25,000)   ☐ **LIMITED CASE** (Amount demanded is $25,000 or less) | CASE NUMBER: CV030710 |
|---|---|

**A CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date:           Time:           Dept.:           Div.:           Room:

Address of court *(if different from the address above)*:

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one)*:
   a. ☐ This statement is submitted by party *(name)*:
   b. ☐ This statement is submitted **jointly** by parties *(names)*:

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a. The complaint was filed on *(date)*:
   b. ☐ The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐ The following parties named in the complaint or cross-complaint
      (1) ☐ have not been served *(specify names and explain why not)*:
      (2) ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐ have had a default entered against them *(specify names)*:
   c. ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☐ complaint   ☐ cross-complaint   *(describe, including causes of action)*:

Page 1 of 4

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2005]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rule 212

American LegalNet, Inc.
www.USCourtForms.com

Exhibit 1/Page 11

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
   The party or parties request  ☐ a jury trial  ☐ a nonjury trial   *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a. ☐ The trial has been set for *(date):*
   b. ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*
   c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7. **Estimated length of trial**
   The party or parties estimate that the trial will take *(check one):*
   a. ☐ days *(specify number):*
   b. ☐ hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
   The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption   ☐ by the following:
   a. Attorney:
   b. Firm:
   c. Address:
   d. Telephone number:
   e. Fax number:
   f. E-mail address:
   g. Party represented:
   ☐ Additional representation is described in Attachment 8.

9. **Preference**
   ☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
    a. Counsel ☐ has ☐ has not provided the ADR information package identified in rule 201.9 to the client and has reviewed ADR options with the client.
    b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
    c. ☐ The case has gone to an ADR process *(indicate status):*

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d. The party or parties are willing to participate in (check all that apply):
   (1) ☐ Mediation
   (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 1612)
   (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 1612)
   (4) ☐ Binding judicial arbitration
   (5) ☐ Binding private arbitration
   (6) ☐ Neutral case evaluation
   (7) ☐ Other (specify):

   e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. ☐ This case is exempt from judicial arbitration under rule 1601(b) of the California Rules of Court (specify exemption):

11. **Settlement conference**
   ☐ The party or parties are willing to participate in an early settlement conference (specify when):

12. **Insurance**
   a. ☐ Insurance carrier, if any, for party filing this statement (name):
   b. Reservation of rights: ☐ Yes ☐ No
   c. ☐ Coverage issues will significantly affect resolution of this case (explain):

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   ☐ Bankruptcy   ☐ Other (specify):
   Status:

14. **Related cases, consolidation, and coordination**
   a. ☐ There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      ☐ Additional cases are described in Attachment 14a.
   b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by (name party):

15. **Bifurcation**
   ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action (specify moving party, type of motion, and reasons):

16. **Other motions**
   ☐ The party or parties expect to file the following motions before trial (specify moving party, type of motion, and issues):

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

17. **Discovery**
    a. ☐ The party or parties have completed all discovery.
    b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

    | Party | Description | Date |
    |---|---|---|
    | | | |

    c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
    a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
    b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
    ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
    a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 212 of the California Rules of Court *(if not, explain)*:

    b. After meeting and conferring as required by rule 212 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
    Previous case management orders in this case are *(check one)*:   ☐ none   ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____         ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)

_____         ▶ _____
(TYPE OR PRINT NAME)                      (SIGNATURE OF PARTY OR ATTORNEY)
                                          ☐ Additional signatures are attached

CM-110 [Rev. January 1, 2005]    **CASE MANAGEMENT STATEMENT**    Page 4 of 4
American LegalNet, Inc.
www.USCourtForms.com

Exhibit 1/Page 14

**Superior Court of California, County of San Joaquin**

☐ Lodi Branch  ☐ Manteca Branch  ☐ Tracy Branch  ☐ Stockton Branch
315 W. Elm St.  315 E. Center St.  475 E. 10th St.  222 E. Weber Ave.
Lodi, CA 95240  Manteca, CA 95336  Tracy, CA 95376  Rm 303
Stockton, CA 95202

Plaintiff / Petitioner:

Defendant / Respondent:

| STIPULATION AND ORDER TO PARTICIPATE IN ADR | CASE NUMBER | CV030710 |

Pursuant to California Rules of Court 212(h), all parties stipulate to participate in the following Alternate Dispute Resolution process:

☐ Private Mediation

☐ Non-binding Private Arbitration

☐ Binding Private Arbitration

☐ Judicial Arbitration

☐ Other: (specify)

Attorneys signing on behalf of their client(s) have been given the authority to stipulate to mediation.

_____   _____   _____
Date           Type or Print Name      Signature of Party or Attorney

_____   _____   _____
Date           Type or Print Name      Signature of Party or Attorney

_____   _____   _____
Date           Type or Print Name      Signature of Party or Attorney

_____   _____   _____
Date           Type or Print Name      Signature of Party or Attorney

**IT IS SO ORDERED.  DATED:** _____    _____
                                                   Judge of the Superior Court

An ADR Review Hearing is scheduled for _____ at _____ a.m. in Dept. No. _____.

In the event that the case is resolved and a dismissal-entire action, a notice of settlement or a judgment is on file, 5 court days before the hearing, the ADR Review Hearing will be dropped and all appearances will be excused.

**STIPULATION AND ORDER TO PARTICIPATE IN ADR**