Rebecca S. Widen, SBN 219207
Sewali K. Patel, SBN 225728
HAAPALA, ALTURA, THOMPSON & ABERN, LLP
1939 Harrison Street, Suite 800
Oakland, California 94612
Tel: 510-763-2324
Fax: 510-273-8570

Attorneys For Defendant
COUNTY OF SAN JOAQUIN

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

SOFIA DAVILA; RUBI PASTORE, JEANETTE ECHEVERRIA; GUILLERMO DAVILA; MAYRA SANDOVAL; EDWIN JAVIER DAVILA; JUAN DAVILA; and MAYLIN DAVILA,

Plaintiffs,

vs.

COUNTY OF SAN JOAQUIN; CITY OF TRACY; and DOES 1 through 50,

Defendant.

Case No.: 2:06-CV-02691-LKK-EFB

**DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL**

Defendant COUNTY OF SAN JOAQUIN COUNTY ("Defendant"), by and through counsel undersigned, answers the correspondingly numbered paragraphs of Plaintiffs' Complaint for Damages ("Complaint"), and asserts its affirmative defenses, as follows:

**PARTIES**

1. Defendant admits that this purports to be an action arising out of the wrongful death of Guillermo Davila. Otherwise, Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

2. Defendant admits that COUNTY OF SAN JOAQUIN is a county in California, and that the County of San Joaquin Sheriff's Office is an agency of the COUNTY OF SAN JOAQUIN. Otherwise, Defendant denies generally and specifically each and every allegation

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

of this paragraph.

3. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

4. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

5. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

6. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

7. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

8. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

9. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

10. Defendant admits that Plaintiffs presented a Tort Claim for damages and an Amended Tort Claim to the Clerk for the Board of Supervisors of San Joaquin County on June 8, 2006 and June 19, 2006, respectively. Defendant also admits that the Board of Supervisors of San Joaquin County rejected Plaintiffs' Claim on June 29, 2006. Otherwise, Defendant denies generally and specifically each and every allegation of this paragraph.

//

## COMMON ALLEGATIONS

11. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

12. Defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

13. Defendant admits that decedent was booked into the San Joaquin County Jail on March 4, 2006. Defendant admits that certain items of decedent's property were removed from his person by jail personnel. Otherwise, Defendant denies generally and specifically each and every allegation of this paragraph.

14. Defendant admits that decedent was released from jail at or around 1:20 a.m. on Sunday, March 5, 2006. Otherwise, Defendant denies generally and specifically each and every allegation of this paragraph.

15. Defendant admits that decedent's body was found on the property of a farm on March 7, 2006. Otherwise, defendant is without sufficient information or knowledge to form a belief as to the truth of the allegations contained in this paragraph, and on that basis denies each and every allegation thereof.

## FIRST CAUSE OF ACTION AGAINST DEFENDANT DOES ONE THROUGH 50 (42 U.S.C. §1983)

16. Defendant denies generally and specifically each and every allegation of this paragraph.

17. Defendant denies generally and specifically each and every allegation of this paragraph.

18. Defendant denies generally and specifically each and every allegation of this paragraph.

19. Defendant denies generally and specifically each and every allegation of this paragraph.

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

20. Defendant denies generally and specifically each and every allegation of this paragraph.

21. Defendant denies generally and specifically each and every allegation of this paragraph.

**SECOND CAUSE OF ACTION AGAINST CITY OF TRACY AND COUNTY OF SAN JOAQUIN, MUNICIPAL LIABILITY (42 U.S.C. §1983)**

22. Defendant denies generally and specifically each and every allegation of this paragraph.

23. Defendant denies generally and specifically each and every allegation of this paragraph.

24. Defendant denies generally and specifically each and every allegation of this paragraph.

25. Defendant denies generally and specifically each and every allegation of this paragraph.

**THIRD CAUSE OF ACTION AGAINST CITY OF TRACY AND COUNTY OF SAN JOAQUIN, MUNICIPAL LIABILITY – FAILURE TO TRAIN (42 U.S.C. §1983)**

26. Defendant denies generally and specifically each and every allegation of this paragraph.

27. Defendant denies generally and specifically each and every allegation of this paragraph.

28. Defendant denies generally and specifically each and every allegation of this paragraph.

29. Defendant denies generally and specifically each and every allegation of this paragraph.

30. Defendant denies generally and specifically each and every allegation of this paragraph.

31. Defendant denies generally and specifically each and every allegation of this paragraph.

**FOURTH CAUSE OF ACTION, NEGLIGENCE AGAINST ALL DEFENDANTS DOE; VICARIOUS LIABILITY AGAINST DEFENDANTS CITY OF TRACY AND COUNTY OF SAN JOAQUIN**

32. Defendant denies generally and specifically each and every allegation of this paragraph.

33. Defendant denies generally and specifically each and every allegation of this paragraph.

34. Defendant denies generally and specifically each and every allegation of this paragraph.

35. Defendant denies generally and specifically each and every allegation of this paragraph.

36. Defendant denies generally and specifically each and every allegation of this paragraph.

37. Defendant denies generally and specifically each and every allegation of this paragraph.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant denies generally and specifically each and every item or claim of damage, cost, expense or attorneys' fees set forth in the Complaint, and further denies that Plaintiffs were damaged in any sum or sums or at all.

**JURY TRIAL DEMAND**

Defendant hereby demands a jury trial in this action.

**AFFIRMATIVE DEFENSES**

**FIRST DEFENSE**

Defendant alleges that neither Plaintiffs' Complaint nor any of the alleged claims for relief or "causes of action" state facts sufficient to constitute a claim for relief against Defendant.

**SECOND DEFENSE**

Defendant alleges that its conduct was privileged and/or justified.

//

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

5

*Davila, et al. v. San Joaquin, et al./Case No. 2:06-CV-02691-LKK-EFB*
Defendant County Of San Joaquin's Answer To Plaintiffs' Complaint For Damages; Demand For Jury Trial

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

**THIRD DEFENSE**

Defendant alleges that all actions undertaken by Defendant regarding and relating to Plaintiffs and decedent were in good faith and with reasonable belief that said actions were valid, necessary and constitutionally proper.

**FOURTH DEFENSE**

Defendant alleges that the claims for relief alleged are barred by the statute of limitations, including California Code of Civil Procedure sections 340, 342, and 343 and any other statute of limitations applicable to Plaintiffs' claims for relief under 42 U.S.C. §1983.

**FIFTH DEFENSE**

Defendant alleges that Plaintiffs and decedent, by their own intentional wrong doing, have waived any and all claims, which they seek to assert in this action and are estopped both to assert and to recover upon such claims.

**SIXTH DEFENSE**

Defendant alleges that Plaintiffs and decedent had a duty to use reasonable efforts to mitigate their alleged damages, Plaintiffs failed to use reasonable efforts to mitigate their alleged damages, and said conduct was the sole and proximate cause of said injuries.

**SEVENTH DEFENSE**

Defendant alleges that all claims pendant to Plaintiffs' Complaint are barred by the provisions of California Government Code Sections 800, et seq., including but not limited to Sections 815, 815.2, 815.4, 815.6, 818.2, 818.4, 818.6, 818.8, 820, 820.2, 820.4, 820.6, 820.8, 821, 821.2, 821.4, 821.6, 821.8, 822.2, 844, 844.6, 845.2, 845.4, and 845.6.

**EIGHTH DEFENSE**

Defendant alleges that Plaintiffs' Complaint does not state facts sufficient to constitute a cause of action and that it is barred by Plaintiffs' failure to comply with applicable notice and claim provisions of California Government Code Sections 905, 910, 910.2, 911.2 et seq., and 945.6.

**NINTH DEFENSE**

Defendant alleges that it is entitled to federal and state statutory and/or common law

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

immunity, including qualified immunity, and is not liable for damages as alleged in Plaintiffs' Complaint.

**TENTH DEFENSE**

Plaintiffs are precluded as a matter of law from any recovery of punitive damages against a California public entity under California Government Code §818.

**ELEVENTH DEFENSE**

Plaintiffs and Plaintiffs' decedent, including their agents, partners, or joint venturers, were careless and negligent in the matters alleged, and this carelessness and negligence caused or contributed to the damages alleged in the Complaint.

**TWELFTH DEFENSE**

Plaintiffs and Plaintiffs' decedent assumed or created the risk or hazard, if any, that existed at the time and place of the incident(s) set forth in Plaintiffs' Complaint.

**THIRTEENTH DEFENSE**

Defendant alleges that the injuries and damages Plaintiffs complain of, if any, resulted from the acts and/or omissions of others and without any fault on the part of Defendant.

**FOURTEENTH DEFENSE**

Defendant alleges that should Plaintiffs recover damages against them, they are entitled to have the amount abated, reduced or eliminated to the extent Plaintiffs' or decedent's negligence and/or fault caused or contributed to the damages, if any.

**FIFTEENTH DEFENSE**

Defendant alleges that Plaintiffs and/or Plaintiffs' decedent expressly or impliedly consented to the matters of which they now complain.

**SIXTEENTH DEFENSE**

If Defendant is found to be at fault, which is expressly herein denied, the liability of Defendant is limited by reason of California Civil Code Section 1431.2.

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiffs take nothing by reason of their complaint herein;
2. That Defendant be dismissed with costs of suit incurred, including recovery of

attorney fees; and

    3. For such other relief as the court deems just.

Dated: December 6, 2006

                    HAAPALA, ALTURA,
                    THOMPSON & ABERN, LLP

                    By: /s/ Sewali K. Patel
                          Sewali K. Patel
                          Attorneys For Defendant
                          COUNTY OF SAN JOAQUIN

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

## PROOF OF SERVICE

Laura C. M. Dobbins certifies and declares as follows:

I am employed in the County of Alameda, State of California. I am over the age of 18 years, and not a party to this action. My business address is 1939 Harrison Street, Suite 800, Oakland, California, 94612-3527.

On December 6, 2006, I served the foregoing document described as **DEFENDANT COUNTY OF SAN JOAQUIN'S ANSWER TO PLAINTIFFS' COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL** on NON-REGISTERED ELECTRONIC FILING COUNSEL in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Boris E. Efron
**Law Offices Of Boris E. Efron**
130 Portola Drive
Portola Valley, CA 94208
Tel: 650-851-8880
Fax: 650-851-3001

Attorneys For Plaintiffs
(Non-Registered E-Filer)

☒ **By Mail:** I am readily familiar with the business practice at my place of business for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence so collected and processed is deposited with the United States Postal Service that same day in the ordinary course of business with postage fully prepaid.

☐ **By Facsimile:** By personally transmitting a true copy thereof via an electronic facsimile machine maintained at 510-273-8570 between the hours of 8:00 a.m. and 5:00 p.m., to the numbers listed above.

☐ **By Personal Service:** By arranging for said envelope(s) to be picked up by an agent for One Hour Delivery on the date set forth below, to be delivered on the date set forth below.

☐ **Overnight Delivery:** I deposited in a box or other facility regularly maintained by United Parcel Service ("UPS") an express service carrier, or delivered to a courier or driver authorized by said express service carrier to receive documents, and that the document served was placed in an envelope designated by said express service carrier for delivery by Next Day Service, for which delivery fees paid or provided.

I declare under penalty of perjury under the laws of the United States of America and the State of California that the above is true and correct. Executed on December 6, 2006, at Oakland, California.

Laura C M Dobbins
Laura C. M. Dobbins

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

Proof Of Service

*Davila, et al. v. San Joaquin, et al./Case No. 2:06-CV-02691-LKK-EFB*
Defendant County Of San Joaquin's Answer To Plaintiffs' Complaint For Damages; Demand For Jury Trial