Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO

| | |
|---|---|
| SOFIA DAVILA; RUBI PASTORE, JEANETTE ECHEVERRIA; GUILLERMO DAVILA; MAYRA SANDOVAL; EDWIN JAVIER DAVILA; JUAN DAVILA; and MAYLIN DAVILA,<br><br>  Plaintiffs,<br><br>  vs.<br><br>COUNTY OF SAN JOAQUIN; CITY OF TRACY; S. Flores; J. Harries; and DOES 3 through 50,<br><br>  Defendant. | Case No.:  2:06-CV-02691-LKK-EFB<br><br>**STIPULATION REGARDING DOCUMENTS, THINGS, AND INFORMATION TO BE PRODUCED BY THE PARTIES FOR INSPECTION, COPYING AND USE IN THIS LITIGATION, AND PROTECTIVE ORDER THEREON** |

Introduction

This action involves wrongful death allegations by the alleged surviving heirs of decedent Guillermo Davila (hereinafter "Plaintiffs").  Plaintiffs allege federal civil rights violations and state law negligence claims arising out of the allegedly improper arrest, detention, and release of Mr. Davila by local law enforcement agencies.  The defendants in the case are the City of Tracy, County of San Joaquin, and various agents, employees and representatives of defendants (hereinafter "Defendants").

Specifically, Plaintiffs allege that the City of Tracy Police Department wrongfully arrested Mr. Davila on March 4, 2006, for public intoxication. Plaintiffs further allege that the San Joaquin County Sheriff's Department improperly released Mr. Davila from County jail on March 5, 2006, at 1:20 a.m., without any transportation, money or supervision. Defendants dispute these allegations. On March 7, 2006, Mr. Davila was found dead on a farm.

The parties in the above-captioned action will be seeking or disclosing copies of certain documents and information in this action, either by request for production, through an initial disclosure in accordance with Federal Rules of Civil Procedure, Rule 26, or by subpoena. Defendants believe such documents, materials, and information are, in whole or in part, confidential, security-sensitive, and privileged. These documents, despite being potentially discoverable in this federal lawsuit, are generally protected from public disclosure under California law and Defendants wish to protect them from unnecessary public disclosure.

<u>Confidential Documents</u>

The parties anticipate that the following categories of documents may be produced or subpoenaed in this action:

1. The San Joaquin County Sheriff's Office's Criminal Investigation file concerning the death of Plaintiff's decedent, which includes statements and personal contact information of witnesses, reports of investigating officers, coroner's investigative materials and reports, medical information on the decedent, law enforcement computer printouts, booking documents, graphic photographs, and other similar investigative materials pertaining to the criminal investigation of the decedent's disappearance and death;

2. Personnel, training, and employment records of defendant officers;

3. Documents arising out of any internal affairs investigation conducted in connection with the incident;

2

*Davila, et al. v. San Joaquin, et al./Case No. 2:06-CV-02691-LKK-EFB*
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By The Parties For Inspection, Copying And Use In This Litigation

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

4. Documents pertaining to the layout and security of San Joaquin County Jail, including photographs, videotapes or other depictions of the inside of the jail and its occupants, the placement of security cameras at the jail, and security procedures at the jail;

The parties agree that the above categories of documents set forth above, if produced or disclosed in connection with this action, shall be considered "Confidential Documents" and shall be produced and/or disclosed only under the terms of this Protective Order.

Counsel for the parties may as appropriate in this action show any Confidential Documents to the parties to the action and to witnesses and experts or consultants employed by the parties, and retained in connection with this specific action. The parties and their counsel shall not give, show, or otherwise divulge any such Confidential Documents, to any person or other entity except their employees, experts or consultants employed and retained in connection with this specific action.

The employees, experts, or consultants of the parties in this action to whom such Confidential Documents are intended to be presented, shall, before such writings, materials or information are presented to them be given a copy of this stipulation and protective order and shall agree to be bound by its terms.

All writings submitted to or filed with the Court in connection with this action, which contain, set forth, summarize or otherwise refer to Confidential Documents, materials or information or their contents, shall be filed with the Court under seal in accordance with the procedures set forth in Eastern District Local Rules 39-140 and 39-141.

The parties through their counsel, experts and consultants may only use Confidential Documents covered by this order and information contained in them solely in connection with the above-captioned action.

<u>Other Potentially Confidential Documents Produced In This Action</u>

Nothing in this Order precludes the parties from designating other documents as Confidential Documents subject to this Order. As used in this Order, the term "documents" is

3

as defined by Federal Rules of Evidence, Rule 1001. Any such other document designated as "Confidential" by one or more parties in accordance with the provisions of this Order shall only be used, shown or disclosed as provided in this Order.

The burden of proving that such other Confidential Document contains confidential information is on the party claiming confidentiality.  Before designating any material as "Confidential," the party claiming confidentiality must make a bona fide determination that the material is, in fact, confidential, security sensitive, or privileged.

If any opposing party disagrees with the "Confidential" designation of any such other document, that party will notify the party claiming confidentiality in writing.  If the parties are unable to agree after meeting and conferring on the issue in good faith, the party claiming confidentiality will then timely apply to this Court to set a hearing for the purpose of establishing that the other document is confidential.  Any such other document marked as "Confidential," will continue to be treated as such pending determination by the Court as to its confidential status.

Any document designated as a Confidential Document shall be conspicuously marked or labeled "confidential."  All parties will act in good faith in designating other documents as confidential hereunder.

The parties, their counsel, and/or any of the other persons or entities who have agreed to be bound by the terms of this stipulation and Protective Order shall not hereafter unilaterally change, limit, vacate or otherwise modify or terminate the effect of this stipulation and protective order.  Any modification to the protective order requires further stipulation of the parties and court order, or by motion to the court for good cause.

The improper disclosure of any confidential writings, materials, or information obtained under this stipulation and protective order, or any other violation of this protective order by any person or entity, shall render the offending person or entity subject to such sanction as the Court deems appropriate.

*Davila, et al. v. San Joaquin, et al./Case No. 2:06-CV-02691-LKK-EFB*
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By The Parties For Inspection, Copying And Use In This Litigation

1    Nothing in this Protective Order prevents the parties from objecting to disclosure of any document as privileged or otherwise not subject to discovery; inclusion herein of the categories of Confidential Documents is not an agreement to produce those documents.

   Upon completion of the trial and any appeals in this case, or upon conclusion of any settlement, counsel for the parties who have obtained any Confidential Documents under this order shall collect them from all recipients and return them and all copies, lists, prints, negatives or summaries to counsel for the party that produced the confidential material.  Plaintiffs' counsel may, however, maintain a single copy of any Confidential Documents for a period of four (4) years after the completion of litigation, which shall be maintained securely and in confidence pursuant to the terms of the Protective Order during that time frame.  At the completion of the four (4) years, Plaintiffs' counsel shall return the single copy to defense counsel.

   SO STIPULATED.

| WALKER, HAMILTON & WHITE | PORTER, SCOTT, WEIBERG & DELEHANT |
|---|---|
| Signature on original<br>By: _____<br>Wilda L. White<br>Attorney for Plaintiffs | Signature on original<br>By: _____<br>John R. Whitefleet<br>Attorneys for Defendants<br>City of Tracy, Flores, and Harries |
| Dated: | Dated: |

HAAPALA, ALTURA THOMPSON & ABERN, LLP

By:   /s/ Rebecca S. Widen
Rebecca S. Widen
Attorneys for Defendant
COUNTY OF SAN JOAQUIN et al.

Dated: May 24, 2007

////

////

////

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone: 510-763-2324
Facsimile: 510-273-8570

**PROTECTIVE ORDER**

The above stipulation is approved with the following modifications. Nothing in this order shall be construed to circumvent the requirements and procedures set forth in Local Rules 39-140 and 39-141.

SO ORDERED.

Dated: June 27, 2007.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

Haapala, Altura, Thompson & Abern LLP
Attorneys At Law
Park Plaza Building
1939 Harrison St., Suite 800
Oakland, California 94612
Telephone:  510-763-2324
Facsimile:  510-273-8570

6

*Davila, et al. v. San Joaquin, et al./Case No. 2:06-CV-02691-LKK-EFB*
Stipulation And Protective Order Regarding Documents, Things, And Information To Be Produced By The Parties For Inspection, Copying And Use In This Litigation