IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOFIA DAVILA, et al.,

       Plaintiffs,                      No. CIV S-06-2691 LKK EFB

    vs.

COUNTY OF SAN JOAQUIN, et al.,

                                  ORDER

       Defendants.

_____/

This case was before the undersigned on November 14, 2007, for hearing on defendants' motion to compel plaintiff Sofia Davila's further responses to interrogatories and requests for production of documents propounded by defendants City of Tracy, Officer S. Flores, and Officer J. Harries (referred to collectively as "defendants").[1] John Whitefleet appeared as defense counsel and Wilda White appeared as plaintiff's counsel.

I. BACKGROUND

This case was removed from state court and is proceeding on the original complaint as amended on May 1, 2007. Plaintiffs asserts claims pursuant to 42 U.S.C. § 1983, and state law claims for negligence and wrongful death, in connection with the death of Guillermo Davila (the "decedent"). Plaintiffs include the decedent's wife and his seven children. They allege that

---

[1] Co-defendant San Joaquin County was not a party to this motion.

1

defendants' actions in releasing the decedent from custody ultimately led to the decedent's death on or around March 6, 2006.

II. PRESENT DISPUTE

The present dispute involves defendants' dissatisfaction with plaintiff Sofia Davila's responses to interrogatories and requests for production of documents. Defendants moved to compel more complete responses to requests for production of documents, numbers 1, 2, 4-6, and 9, which were originally propounded on plaintiff on May 4, 2007. At the hearing, defense counsel represented that plaintiff had provided supplemental responses to these requests for production, and that the production was satisfactory. Accordingly, the motion is moot as to those requests as defendants have not sought sanctions pursuant to Fed. R. Civ. P. 37(a)(4). Nonetheless, the court reminds plaintiff of her continuing duty to supplement her disclosures and discovery responses throughout the litigation. *See* Fed. R. Civ. P. 26(e).

With regard to the contested interrogatories, defendants' motion as to interrogatories numbered 7 and 8 is denied. Those interrogatories inquire as to any mental and/or emotional injuries incurred as a result of the factual allegations in the complaint and seek information regarding any treatment therefor. In response, plaintiff averred that she did not claim any diagnosable medical condition as a result of her husband's death other than the "anguish, emotional distress, and grief that anyone suffers who loses a spouse of fifty years." *See* Joint Statement Regarding Discovery Dispute ("Joint Statement"), 4:24-5:10. She further responded that she was not examined or treated by any mental or physical health care provider in connection with any facts alleged this action. Given plaintiff's representations both in the joint statement and in her original responses, the court finds her responses to be complete and adequate, and therefore denies defendants' motion as to those interrogatories.

With respect to interrogatories numbered 9 and 10, defendants seek information concerning plaintiff's treatment by any health care providers for "any condition whatsoever in the last five years." *See* Joint Statement, 6:17-8:19. Plaintiff object to these interrogatories on

the basis of relevance. Plaintiff's response to the previous interrogatories specifically represent that she received no mental or physical healthcare in connection with the claims in this action. Healthcare that may have been received for conditions wholly unrelated to the claims herein is of dubious relevance. Thus, for example, information regarding plaintiff's visits to her dentist, eye doctor, etc., would not reasonably lead to the discovery of evidence relevant to the claims and defenses in this lawsuit.

Plaintiff's specific representation that she has received no treatment for any physical or mental condition arising from the claims alleged in this action adequately responds to interrogatories 9 and 10, with one exception. Although it appears improbable here, given plaintiff's representations, defendants argue the potential relevance of visits to or treatments by plaintiff's primary care physician to the extent that they might show some other condition that may have caused or exacerbated plaintiff's alleged anguish. Accordingly, the court will require plaintiff to provide defendants with the dates of visits to her primary care physician and any other mental health professional within the last five years. The court reserves ruling on any further requests for more detailed information related to those responses as well as any objections thereto.

With regard to the remaining contested interrogatories, numbers 13-22, defendants, at the hearing, withdrew their motion based on the supplemental responses provided by plaintiff. However, defense counsel indicated that such withdrawal was not a concession to plaintiff's objections that the interrogatories, with their subparts, exceeded the twenty-five interrogatory limit provided in Fed. R. Civ. P. 33. In this regard, the court has examined the disputed interrogatories and finds that each subpart to interrogatories numbered 13-22, is "subsumed within and necessarily related to the primary question" and that defendants have thus not exceeded the number of interrogatories allowed under Rule 33. *See Trevino v. ACVB American, Inc.*, 232 F.R.D. 612, 614 (N.D. Cal. 2006).

////

III.  CONCLUSION

Based on the foregoing and for the reasons stated at the hearing, IT IS ORDERED that:

1. Defendants' motion to compel further responses to their requests for production of documents is moot;

2. Defendants' motion to compel further responses to interrogatories numbered 7 and 8 is denied;

3. Defendants' motion with regard to interrogatories numbered 9 and 10 is granted, in part, and denied in part.  Plaintiff shall supplement her response to include information regarding the dates of visits to her primary care physician and any other mental health care provider within the last five years.

SO ORDERED.

DATED:  November 19, 2007.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

4