UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOFIA DAVILA; RUBI PASTORA, JEANETTE ECHEVERRIA; GUILLERMO DAVILA; MAYRA SANDOVAL; EDWIN JAVIER DAVILA; JUAN DAVILA; and MAYLIN DAVILA,

Plaintiffs,

NO. CIV. S-06-2691 LKK/EFB

v.

COUNTY OF SAN JOAQUIN; CITY OF TRACY; and DOES 1 through 50,

Defendants.
_______________________________/

O R D E R

Pending before the court is defendants County of San Joaquin and Kendrick's motion to stay pending appeal and defendants City of Tracy, Flores, and Harries' motion to enter final judgment. For the reasons stated herein, the court grants the motion for a stay and denies the motion to enter partial final judgment.

**I. BACKGROUND AND FACTS**

This action was brought by the family of decedent Guillermo Davila, who died shortly after his release from the San Joaquin

County jail. See Order, August, 20, 2008, at 1. The plaintiffs allege that defendants violated their constitutionally protected familial rights by causing the decedent's death. Id. Defendants Flores and Harries, officers of the City of Tracy Police Department, arrested the decedent on March 4, 2006 for trespass and public intoxication. Id. at 2-3. Pursuant to department policy, they brought him to the San Joaquin County jail. Id. at 3.

At the jail, defendant officer Kendrick conducted the decedent's pre-booking process, which included a medical screening. Id. at 5-6. After detaining decedent for six hours, jail personnel released him. Id. at 7. Two days later, the decedent's body was found outdoors, approximately one mile from the jail. Id. at 9. Plaintiffs brought the present suit, alleging that defendants unlawfully caused the death of decedent, violating plaintiffs' familial rights.

On August 20, 2008, the court granted summary judgment in favor of defendants City of Tracy, Flores, and Harries, on the grounds that there was insufficient evidence that the individual officers acted with deliberate indifference to the decedent's medical needs nor that the officers' acts were the proximate cause of his death. Id. at 17-19. Additionally, the City of Flores defendants were protected by statutory immunity against plaintiffs' state law claims. Id. at 19. The court denied summary judgment to defendants Kendrick and County of San Joaquin, holding, *inter alia*, that defendant Kendrick was not entitled to qualified immunity on plaintiff's § 1983 claim. Id.


## II. STANDARDS

### A. Standard for a Stay

A district court has discretion to stay its order, pending appeal, upon consideration of, "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." Hilton v.Braunskill, 481 U.S. 770, 776 (1987). The Ninth Circuit conceives this standard as "two interrelated legal tests" operating along a continuum. Lopez v. Heckler, 713 F.2d 1432, 1435 (9th Cir. 1983). At one end of the continuum, the moving party may succeed if it shows that there is a probability of success on the merits as well as a possibility of irreparable injury. Golden Gate Restaurant Ass'n. v. City and County of San Francisco, 512 F.3d 1112, 1115-16 (9th Cir. 2008). At the other end, the moving party may succeed if it shows that it has raised "serious legal questions" and that "the balance of hardships tips sharply in its favor." Id. at 1116 (quoting Lopez, 713 F.2d at 1435). Finally, the district court must consider the public interest implicated by the grant of the stay; this consideration is distinct from the harm to the parties in the court's grant or denial of a stay. Natural Resource Defense Council, Inc. v. Winter, 502 F.3d 859, 863-64 (9th Cir. 2007).

### B. Standard for Entry of Partial Final Judgment

Under Federal Rule of Civil Procedure 54(b), a court may

entire final judgment on some of the claims "upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment." Entry of partial final judgment is proper when there has been "ultimate disposition of an individual claim entered in the course of a multiple claims action." Sears, Robuck, & Co. v. Mackey, 351 U.S. 427, 436 (1956). The court should also consider whether failure to enter judgment could result in piecemeal appellate review of the case. See Frank Briscoe Co. v. Morrison-Knudsen Co., 776 F.2d 1414 (9th Cir. 1985).

## III. ANALYSIS

### A. Motion to Stay

In order to succeed in their motion, defendants Kendrick and County of San Joaquin must show at least the potential for success on the merits of their appeal. See Golden Gate, 512 F.3d at 1115-16; Lopez, 713 F.2d at 1435. In other words, if the defendants have no possibility of obtaining a favorable ruling in the appellate court, a stay is improper. Here, the defendants have met their burden to show that they present at least "serious legal questions" in their appeal.

Preliminarily, the court's order denying defendants motion for summary judgment on the grounds of qualified immunity is appealable. Mitchell v. Forsyth, 472 U.S. 511, 526 (1985). Defendants also show a fair likelihood of success on the merits of their appeal. In its August 20, 2008 order, the court held that, based on the evidence tendered, a jury could find that defendant Kendrick acted in a way that was deliberately indifferent to the

decedent's medical needs and that a reasonable officer would have known this. See Order, August 20, 2008, at 23-24. The evidence supporting this determination, however, was minimal, as it consisted only of the fact that the medical screening for the decedent contained so many errors as to suggest that Kendrick did not actually complete the screening and the apparent fact that the decedent could not communicate at some point during the pre-booking process. Id. The court held that a jury could infer from this that, had the screening been completed properly, the County may have refrained from releasing the decedent into the elements. Id. Although the court believes this ruling was correct, the evidence upon which it was based was sufficiently sparse so as to create a fair possibility of reversal by the Court of Appeals.

The remaining factors also weigh in favor of granting the stay. First, the balance of hardships favors defendants. Certainly, it would be a tremendous injury to defendants to reach the trial or post-trial stage on their claims, only then to win the relief they seek in the Circuit court. Second, there appears to be no harm to the other parties in granting a stay, as they all have filed statements of non-opposition to the motion. Finally, the public interest does not seem particularly served by prompt resolution of the case. Accordingly, defendants' motion for a stay is granted.

**B. Motion to Enter Partial Final Judgment**

Defendants City of Tracy, Flores, and Harries ("Tracy defendants") also move for entry of a partial final judgment based on the August 20, 2008 order granting summary judgment in their

favor. The court denies this motion.

Although the August 20, 2008 order was an "ultimate disposition of" the claims against the Tracy defendants, it appears that entry of partial final judgment would result in piecemeal appellate review of the case. The Tracy defendants contend that because defendants County of San Joaquin and Kendricks have appealed the August 20, 2008 decision, entry of partial final judgment would allow the plaintiffs to appeal the grant of summary judgment for the Tracy defendants as well. This, they argue, would permit the Circuit court to consider both appeals together, saving judicial resources. While at first glance this seems sensible, the likely differences in the two bases for appeal undermine the argument.

Defendants County of San Joaquin and Kendricks have appealed the August 20, 2008 order on the grounds that the court erred in determining there was no qualified immunity for defendant Kendricks. See Defendants County of San Joaquin and Thomas Kendrick's Notice of Motion and Motion to Stay Proceedings at 2. As described above, the court's holding was based on a determination that a jury could find that Kendricks was deliberately indifferent to the decedent's known medical needs when performing or failing to perform the medical screening. In contrast, the court granted summary judgment in favor of the Tracy defendants based on consideration of events that occurred prior to the decedent's arrival at the jail and the application of state immunities. See Order, August, 20, 2008 at 17-19. The only issue

in common between the Tracy defendants and defendants County of San Joaquin and Kendricks is the question of causation, which appears irrelevant to the latter's pending appeal. Accordingly, judicial economy does not appear served by permitting the Tracy defendants to appeal now. Instead, it seems more appropriate to allow the Circuit court to consider the pending appeal of County of San Joaquin and Kendricks. If this appeal is successful, the plaintiffs could appeal the grant of summary judgment in favor of all defendants together, which would be the most efficient use of judicial resources. If the appeal is denied, the Tracy defendants may at that time renew their motion.

**IV. CONCLUSION**

For the reasons stated herein, defendants County of San Joaquin and Kendrick's motion for a stay is GRANTED. The parties shall notify the court promptly upon the Circuit court's resolution of defendants County of San Joaquin and Kendrick's appeal.

Defendants City of Tracy, Flores, and Harries' counter-motion to enter partial final judgment is DENIED without prejudice.

IT IS SO ORDERED.

DATED: September 26, 2008.

LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT