UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SOFIA DAVILA; RUBI PASTORA, JEANETTE ECHEVERRIA; GUILLERMO DAVILA; MAYRA SANDOVAL; EDWIN JAVIER DAVILA; JUAN DAVILA; and MAYLIN DAVILA,

      Plaintiffs,

    v.

COUNTY OF SAN JOAQUIN; CITY OF TRACY; and DOES 1 through 50,

      Defendants.

NO. CIV. S-06-2691 LKK/EFB

O R D E R

Pending before the court is defendants City of Tracy, Officer Flores, and Officer Harries' ("defendants") bill of costs. Defendants, the prevailing party in this action, request $10,195.81 in costs. ECF No. 146. Plaintiffs made specific objections to $2,990.90 of those costs. ECF No. 150. The court ordered plaintiffs to file declarations describing their ability to pay the costs sought by the defendants, and allowed a response by defendants. Those declarations, and a response from defendants have been

1

submitted to the court.

Federal Rule of Civil Procedure 54(d)(1) and Eastern District Local Rule 54-292(f) govern taxation of costs, other than attorney's fees, to the prevailing party in a civil matter. Under Fed. Rule Civ. P. 54(d)(1), unless a federal statute, the federal rules, or a court order provides otherwise, costs other than attorney's fees should be granted to the prevailing party. Trial courts have discretion to tax whatever costs seem appropriate. Courts may only tax costs defined in 28 U.S.C. § 1920 and Local Rule 54-292.

**A. Prevailing Party**

Parties prevail when judgment is entered in their favor. Rio Properties, Inc. v. Rio Int'l Interlink, 284 F.3d 1007, 1021-23 (9th Cir. 2002). Under Federal Rule of Civil Procedure 54(d), there is a presumption in favor of awarding costs to the prevailing party, which can only be overcome when the court exercises its discretion to disallow costs for specific reasons. Ass'n of Mexican-Am. Educators v. Cal., 231 F.3d 572, 591 (9th Cir. 2000) (en banc).

Here, there is no dispute that defendants seeking costs are the prevailing party. This court entered judgment in favor of defendants City of Tracy, Officer S. Flores, and Officer Harries. ECF No. 142.

**B. Plaintiffs' Financial Resources**

District courts should consider the financial resources of the plaintiff and the amount of costs in civil rights cases. Stanley

2

1  v. University of S. California, 178 F.3d 1069, 1080 (9th Cir.
2  1999). Whether the payment of costs would render the plaintiff
3  indigent is a factor that district courts may properly consider.
4  Id. The court may also consider the chilling effect that the
5  imposition of high costs would have on civil rights plaintiffs of
6  modest means. Id. Indeed, a district court abuses its discretion
7  if it awards costs without considering "(1) the plaintiff's limited
8  financial resources and (2) the chilling effect on future civil
9  rights litigants of imposing high costs."
10 Save Our Valley v. Sound Transit, 335 F.3d 932, 945 (9th Cir.
11 2003). The court must, however, specify its reasons for refusing
12 to tax costs to the losing party, but need not give affirmative
13 reasons for its decision to award costs. Id. (quoting Assoc. of
14 Mexican-American Educators v. California, 231 F.3d 572, 591 (9th
15 Cir. 2000).)
16      Here, plaintiffs have submitted a declaration asserting that
17 none of the plaintiffs have the financial means to pay the costs.
18 There are eight plaintiffs, all immediate family members of Mr.
19 Davila, whose death gave rise to the cause of actions asserted in
20 this lawsuit.  The plaintiffs set forth their financial condition
21 in their declaration. Plaintiff Sofia Davila, wife of the decedant,
22 subsists on Social Security and has no assets. Plaintiff Pastora
23 is the sole provider for her family and supports her disabled
24 husband and adult son. Plaintiff Echeverria is a single parent who
25 supports her daughter and grandson on a limited income. Plaintiff
26 Guillermo Davila is mentally disabled and unemployed. Plaintiff

3

Sandoval is a childcare provider and sole financial supporter for her unemployed husband and two minor children. Plaintiff Juan Davila works part-time as a delivery driver and lives with his mother, plaintiff Sofia Davila. Plaintiff Maylin Davila works as a part-time substitute teacher and lives with her mother, plaintiff Sofia Davila, because her salary is not high enough for her to live on her own. Plaintiff Edwin Davila is the sole income earner in his family, which includes four children.

The fact of a party's unemployment at the time of the filing of a bill of costs is "persuasive evidence of the possibility that she would be rendered indigent should she be forced to pay" costs. Stanley v. University of S. California, 178 F.3d 1069, 1080 (9th Cir. 1999). Here, at least one plaintiff, Guillermo Davila is unemployed, and one plaintiff Sofia Guillermo is retired and on Social Security. Plaintiffs' declaration attesting to those facts, then, is "persuasive evidence of the possibility that" those two plaintiffs "would be rendered indigent should they be forced to pay" the costs requested. Id. Moreover, the plaintiffs' affidavit demonstrates the limited ability of the others plaintiffs to pay.

However, Defendant City of Tracy has submitted evidence showing that the plaintiffs in this case received a $600,000 settlement from co-defendant County of San Joaquin. See San Joaquin County Board of Supervisors Order authorizing payment of $600,000, ECF No. 159. Receipt of such a settlement payment is "the typical case in which a Plaintiff's limited financial status is deemed irrelevant." Escriba v. Foster Poultry Farms, 2012 U.S. Dist. LEXIS

6486 (E.D. Cal. 2012). See also Van Horn v. Dhillon, 2011 U.S. Dist. LEXIS 3577 (E.D. Cal. 2011)("Whether plaintiff may have limited financial resources therefore is unpersuasive as a reason to deny costs because, irrespective of her indigence, plaintiff has the financial resources to pay an award of costs from the [$100,000 settlement] sum she received."); Rosa v. City of Seaside, 2010 U.S. Dist. LEXIS 33015 (N.D. Cal. 2010)("It would be inequitable to allow Plaintiffs to insulate themselves entirely from payment of Defendant's costs based solely on their economic condition, particularly in light of the [$225,000] settlement Plaintiffs received from TASER's co-Defendants."

The court concludes that, in light of the $600,000 settlement agreement received by plaintiffs in this case, payment of costs to defendant would not render the plaintiffs indigent.

**C. The disputed cost amount**

Defendants request taxation of $10,195.81 in costs, and plaintiffs have made specific objections to $2,990.90 of those costs. Specifically, plaintiffs object to the costs for serving subpoenas on four individuals by a private litigation service; the cost for delivery, charting, and blue-form duplication fees for record subpoenas; and costs for ordering allegedly unnecessary depositions and the cost of any additional "E-transcript" copies of depositions. ECF No. 150.

Pursuant to 28 U.S.C. § 1920, the court may tax as costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use

in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. § 1828.

The Local Rules provide that items taxable as costs additionally include, inter alia: (1) per diem, mileage, and subsistence for witnesses; and (2) "[o]ther items allowed by any statute or rule or by the Court in the interest of justice." Local Rule 292(f)(8)&(11).

**i. Service of process by a private service**

Local Rule 254(f)(2) provides that the fees for service by a person other than the U.S. Marshal are taxable "to the extend they do not exceed the amount allowable for the same service by the Marshal." Defendants here seek $230.50 for service of process on three individuals.[1] Neither party has stated the amount that would be allowable for the same service by the U.S. Marshal. The U.S. Marshal charges $55 per hour plus $0.51 per mile for service of process. 28 C.F.R. § 0.114(a)(3). Absent any evidence to the contrary, the court finds that $230 for service of process on three individuals does not exceed the amount that would be allowable for the same service by the Marshal.

---

[1] Defendants have withdrawn their request for costs of service of process on Gurinder Kaur.

6

**ii. Record Subpoenas**

Defendant seeks to tax $453.36 for record subpoenas. Plaintiffs assert that the portions of that attributed to delivery/postage, charting, and blueform duplication are not statutorily authorized. Defendant argues that those costs should be permitted as a necessary expense incurred in obtaining the documents, but does not cite any authority supporting the taxation of costs that are not listed in the statute, but deemed necessary for obtaining the documents. The court concludes that those costs are not authorized, since they are not among those enumerated by the statute. "Courts may tax only costs defined in 28 U.S.C. § 1920." Alflex Corp. v. Underwriters Labs., Inc., 914 F.2d 175, 176 (9th Cir. 1990). See also Yeager v. Bowlin, 2010 U.S. Dist. LEXIS 24537 (E.D. Cal. 2010)(Postage, other than postage for service by mail in an amount less than what the U.S. Marshall would charge, is not recoverable). Accordingly, $262.50 shall be deducted from the bill of costs.

**iii. Depositions**

Plaintiffs object to $2,429.40 in deposition costs. Plaintiffs argue that the depositions of Rosario Deleon, Leslie Delon, and Maria Delon were unnecessary as defendant did not rely on those depositions in the motion for summary judgment. Plaintiffs further argue that costs for postage and handling and for additional "E-transcript" copies are not taxable.

28 U.S.C. § 1920(2) provides that "[f]ees for printed or electronically recorded transcripts necessarily obtained for use

7

in the case" are taxable costs.  28 U.S.C. § 1920(2). The statute does not require that the depositions be introduced at trial or in support of a summary judgment motion. Sunstone Behavioral Health, Inc. v. Alameda County Med. Ctr., 646 F. Supp. 2d 1206, 1219 (E.D. Cal. 2009). Here, defendant asserts that the Deleons were "percipient witnesses to Mr. Davila's behavior and demeanor on the day he was brought to the jail," and that the testimony would have been necessary at trial. The court finds that the depositions were reasonably necessary to the case, and the costs will be taxed. The court will not tax the cost of postage and handling of the deposition transcripts, since those costs are not enumerated in the statute. Yeager v. Bowlin, 2010 U.S. Dist. LEXIS 24537 (E.D. Cal. 2010). Accordingly, the court shall deduct $1,095.10 from the bill of costs.

**D. Conclusion**

For the foregoing reasons, the court ORDERS as follows:

    [1] Defendant's Bill of Costs is GRANTED in the amount of $8,838.21.

IT IS SO ORDERED.

DATED:  May 11, 2012.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT